

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL CHESTNOV
*Assistant Corporation Counsel*
(212) 788-0991
(212) 788-9776 (fax)
mchestno@law.nyc.gov

December 3, 2007

**BY HAND**
Honorable William H. Pauley, III
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Re: Johnny Albuja v. City of New York, et al.
07 Civ. 10288 (WHP)

Your Honor:

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York.[1] Defendant respectfully requests that its time to respond to the complaint in this action be extended for sixty days from December 3, 2007, to February 1, 2008.[2] Plaintiff's counsel consents to this request.

Plaintiff alleges that he was falsely arrested and subjected to excessive force following an incident on January 13, 2007, in which he claims he was arrested by police officers for resisting arrest and disorderly conduct after he allegedly observed two men attempting to

---

[1] This case has been assigned to Assistant Corporation Counsel Benjamin Stockman, who is not yet admitted to this Court and is handling this matter under supervision. Mr. Stockman may be reached directly at (212) 788-1177.

[2] There is no indication whether the individually-named defendant, Police Officer Vencak, has been served with process in this matter. As of this date, no request for representation has been received with respect to this defendant, nor does the docket sheet indicate service on this individual. Without appearing on his behalf, it is respectfully requested that, if he has been served, the same extension be granted to him to ensure that his defenses are not jeopardized while representation issues are decided.

steal his car. Plaintiff asserts that he accepted an adjournment in contemplation of dismissal as a result of the criminal charges brought against him.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff advances several federal and state law claims alleging a deprivation of civil rights including, inter alia, false arrest and excessive force. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. As plaintiff alleges that the criminal charges brought against him were adjourned in contemplation of dismissal, all records concerning plaintiff's underlying arrest and prosecution would be sealed pursuant to New York Criminal Procedure Law §160.50. Accordingly, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of records that may have been sealed pursuant to N.Y.C.P.L. §160.50, which is necessary for our office to obtain the criminal court, police, and district attorney records associated with his underlying arrest and prosecution. This office is also in the process of forwarding to plaintiff for execution a medical release, which is necessary for our office to obtain any medical records associated with plaintiff's alleged injuries and treatment.

Further, assuming plaintiff effects timely service on the individual defendant, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually-named defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made in this action. Accordingly, we respectfully request that defendant City of New York's time to respond to the complaint be extended until February 1, 2008.

I thank the Court for its time and consideration of this request.

*Application granted.*

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
12/10/2007

Respectfully submitted,

Michael Chestnov
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Darmin Bachu, Attorney for plaintiff (by Fax)