UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHNNY ALBUJA,

                                        Plaintiff,       **ANSWER**

    - against -                                     07 CV 10288 (WHP)

CITY OF NEW YORK, POLICE OFFICER VENCAK,     Jury Trial Demanded
SHIELD # 30343 and UNIDENTIFIED NEW YORK
CITY POLICE OFFICERS, EMPLOYEES AND
AGENTS,

                                   Defendants.

------------------------------------------------------------------------ x

       Defendants City of New York and Kenneth Vencak (sued herein as "Police Officer Vencak, Shield # 30343") by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that the plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

       5.     Deny the allegations set forth in Paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the New York City Police Department is an agency of the City of New York, and state that the allegations that defendant officers "were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment" are conclusions of law, rather than averments of fact, and accordingly no response is required.

10. Deny the allegations set forth in paragraph "10" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to unidentified individuals, and admit that Kenneth Vencak is employed by the City of New York as a Police Officer.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that the New York City Police Department is an agency of the City of New York.

12. Deny the allegations set forth in paragraph "12" of the complaint, except state that the allegations that defendants acted "under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as police officers" are conclusions of law rather than averments of fact, to which no response is required.

13.     Deny the allegations set forth in paragraph "13" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff's wife made any 911 calls, the disposition of any charges brought against plaintiff, and whether anyone was attempting to steal plaintiff's vehicle, and admit that plaintiff was arrested by New York City Police Officers on or about January 13, 2007.

14.     Deny the allegations set forth in paragraph "14" of the complaint.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint, except state that the allegations that defendants acted "within the scope of their authority and within the scope of their employment" are conclusions of law rather than averments of fact, to which no response is required.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     In response to the allegations set forth in paragraph "19" of the complaint, defendants repeat and reallege paragraphs "1" through "18" of this answer as if fully set forth herein.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint, except state that allegations that defendants "acted under color and pretense of law" and "under color of the statutes, ordinances, regulations, customs and usages of NYC and NYPD" are conclusions of law rather than averments of fact, to which no response is required.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

27. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

28. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

29. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

30. To the extent that plaintiff asserts any claims arising under state law, plaintiff failed to comply with conditions precedent to suit pursuant to General Municipal Law §§ 50-e and 50-i.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

31. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

32. The plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

33. Plaintiff's claims against the City of New York under state law are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

34. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

35. Plaintiff provoked any incident with defendants.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

36. Defendant Kenneth Vencak has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            February 1, 2008

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                      City of New York
                                      Attorney for Defendants City of New York and
                                      Police Officer Kenneth Vencak
                                      100 Church Street,
                                      New York, New York 10007
                                      (212) 788-0991


                          By:    /s_____
                                Michael Chestnov
                                Assistant Corporation Counsel
                                Special Federal Litigation Division


To:     Darmin Bachu, Attorney for plaintiff (via E.C.F. and First Class Mail)
        127-21 Liberty Ave.
        Richmond Hill, NY 11419

Index No.  07 CV 10288

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JOHNNY ALBUJA,<br><br>                                          Plaintiff,<br><br>             -against-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>                                          Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>  *Attorney for Defendants*<br>  *100 Church Street*<br>  *New York, New York  10007*<br><br>  *Of Counsel:  Michael Chestnov*<br>  *Tel:  (212) 788-0991*<br>  *NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y........................................................................................ , 200...*<br><br>*................................................................................................................ Esq.*<br><br>*Attorney for................................................................................................* |